NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**THE REGENTS OF THE UNIVERSITY OF MICHIGAN,**
*Plaintiff-Appellant*

**v.**

**LEICA MICROSYSTEMS, INC.,**
*Defendant-Appellee*

---

2025-1412

---

Appeal from the United States District Court for the Northern District of California in No. 3:19-cv-07470-WHO, Judge William H. Orrick, III.

---

Decided: July 31, 2026

---

RUSSELL TONKOVICH, Alberti Lim & Tonkovich LLP, Foster City, CA, argued for plaintiff-appellant. Also represented by JAMES BARABAS, AIDAN BREWSTER, MICHELE R. WOODRUFF LYONS.

MATTHEW WOLF, Arnold & Porter Kaye Scholer LLP, Washington, DC, argued for defendant-appellee. Also represented by CARSON ANDERSON, PHILIP WILLIAM MARSH, Palo Alto, CA; ESTAYVAINE BRAGG, San Francisco, CA.

―――――――――――――

Before PROST, CHEN, and STOLL, *Circuit Judges.*

PROST, *Circuit Judge.*

The Regents of the University of Michigan ("Michigan") appeals from a decision of the U.S. District Court for the Northern District of California granting Leica Microsystems, Inc.'s ("Leica") motion for summary judgment of non-infringement. For the following reasons, we affirm.

## BACKGROUND

This appeal concerns U.S. Patent No. 7,277,169 ("the '169 patent"), which relates to fluorescence detection systems for samples having fluorophores, a type of fluorescent marker. To simultaneously detect a variety of targets, the '169 patent discloses using a "supercontinuum" white light laser to excite the fluorophores. As relevant to this appeal, the '169 patent distinguishes the claimed invention from the prior art, which utilized optical filters that removed parts of the light spectrum. '169 patent col. 3 ll. 28–32.

All independent claims of the '169 patent require "a supercontinuum white light pulse comprising an entire spectrum of white light," and that the pulse excites the fluorophores of the sample. '169 patent claims 1 and 10 ("said supercontinuum white light pulse exciting the plurality of fluorophores of the sample to emit fluorescence"); *see also id.* at claim 19 ("said supercontinuum white light pulse exciting the first fluorophore and the second fluorophore to emit a first fluorescence and a second fluorescence respectively").

Michigan sued Leica, alleging that certain Leica products ("the Accused Products") infringed the claims of the '169 patent. *See* J.A. 32. In moving for summary judgment, Leica argued that "the Accused Products excite fluorophores of the sample using only several discrete, selected wavelengths, filtered out from a white light pulse before

the light hits the sample," which did not meet the asserted claims' requirement that the fluorophores in the sample are excited with "a supercontinuum white light pulse comprising an entire spectrum of white light." J.A. 3462 (emphasis deleted). Michigan disagreed, arguing that the claims do not require the "entire spectrum of white light" to reach the sample. J.A. 4163–65. The district court, in resolving the parties' dispute over the claims' scope, concluded that "the scope of the 'said supercontinuum' language necessarily refers to 'a supercontinuum white light pulse comprising an entire spectrum of white light' as what excites the fluorophores present in a sample." *Regents of Univ. of Mich. v. Leica Microsystems Inc.*, No. 19-cv-07470, 2025 WL 56413, at \*10 (N.D. Cal. Jan. 9, 2025) ("*Summary Judgment Order*"). The district court granted Leica's motion, holding that "no reasonable jury could find that the Accused Products infringe on the '169 patent because there is no genuine dispute that the Accused Products do not reach the scope of the 'said supercontinuum' claim language." *Id.* at \*11.

Michigan timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## DISCUSSION

In reviewing a district court's summary judgment ruling, we apply the law of the regional circuit—here, the Ninth Circuit. *ADASA Inc. v. Avery Dennison Corp.*, 55 F.4th 900, 907 (Fed. Cir. 2022) (applying Ninth Circuit law). "The Ninth Circuit 'review[s] the district court's grant of summary judgment de novo, determining whether, viewing all evidence in the light most favorable to the non-moving party, there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law.'" *Id.* (quoting *Kraus v. Presidio Tr. Facilities Div./Residential Mgmt. Branch*, 572 F.3d 1039, 1043–44 (9th Cir. 2009)). Here, the noninfringement "judgment turns solely on claim construction, which the court

reviews *de novo.*" *SanDisk Corp. v. Memorex Prods., Inc.*, 415 F.3d 1278, 1283 (Fed. Cir. 2005) (citation omitted).

Michigan argues that the district court erred in its construction of the "said supercontinuum" terms[1] and resulting grant of summary judgment of noninfringement. We disagree.

Michigan takes issue with the district court's inclusion of "entire spectrum of white light" in its claim construction, contending that the claims "[do] not impose any requirement on what light must physically reach the sample." Appellant's Br. 25. But Michigan's position is inconsistent with the claims' plain language. The claims require the fluorophores of the sample to be excited by the "said supercontinuum white light pulse." *See* '169 patent claims 1, 10, 19. As the district court correctly explained, the term "said" is an anaphoric phrase that refers "back to the original clause containing the term at issue." *Summary Judgment Order*, 2025 WL 56413, at *9; *see Summit 6, LLC v. Samsung Elecs. Co.*, 802 F.3d 1283, 1291 (Fed. Cir. 2015) (noting that "claims using the term 'said' are 'anaphoric phrases, referring to the initial antecedent phrase'" (quoting *Baldwin Graphic Sys., Inc. v. Siebert, Inc.*, 512 F.3d 1338, 1343 (Fed. Cir. 2008))). The antecedent basis for "said supercontinuum white light pulse" is a "supercontinuum white light pulse *comprising an entire spectrum of white light.*" *See* '169 patent claims 1, 10, 19 (emphasis added).

---

[1]    Michigan also asks us to review the district court's claim construction of terms unrelated to the noninfringement decision on appeal. *See* Appellant's Br. 4, 56, 65. We decline to review "claim construction issues not implicated by the judgment." *Mass. Inst. of Tech. v. Abacus Software*, 462 F.3d 1344, 1347 (Fed. Cir. 2006).

The claims also distinguish between the "entire" supercontinuum and a "portion of said supercontinuum white light pulse," indicating that Michigan knew how to draft a limitation covering portions of the light spectrum and chose not to do so for the limitations relevant to this appeal. *See* '169 patent claim 1 ("a time-resolving detector receiving said fluorescence and at least a portion of said supercontinuum white light pulse, said time-resolving detector separating said fluorescence from said portion of said supercontinuum white light pulse"); *see also id.* claims 10, 19. This distinction supports the district court's conclusion that "said supercontinuum white light pulse" must include the "entire spectrum" of white light. Further, the specification provides additional support for the district court's claim construction. It indicates that the "entire spectrum" reaches the sample and rejects the use of filters. *See* '169 patent col. 4 ll. 8–9, 44–45, col. 3 ll. 29–32, col. 6 ll. 24–29.

Finally, we agree with the district court's assessment of the prosecution history. In an amendment aimed at overcoming a prior-art rejection, Michigan stated:

> Itoh et al. teaches selecting several discrete wavelengths from a white light continuous spectrum and using those discrete wavelengths, not the entire spectrum, to excite only those fluorophores that have excitation spectra matched with the selected discrete wavelengths. In contrast, the present invention uses and claims the entire spectrum of the white light to simultaneously excite all the fluorophores that have excitation spectra covered by the entire white light spectrum.

J.A. 1850. Michigan repeatedly made statements distinguishing its invention from the prior art's teaching of "discrete," "selected" wavelengths. *See* J.A. 1850–53. Thus, Michigan's own representations during prosecution support the district court's claim construction.

Michigan's challenge to the district court's summary judgment of noninfringement rests entirely on its challenge to the court's claim construction. Because we adopt that construction, we also affirm the summary judgment.

## CONCLUSION

We have considered Michigan's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm.

**AFFIRMED**